UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| COREY DELAHOUSSAYE<br>AND C-DEL, INC.<br><br>VERSUS<br><br>LIVINGSTON PARISH, LOUISIANA<br>LUTHER LAYTON RICKS, JR.<br>INDIVIDUALLY AND IN HIS OFFICIAL<br>CAPACITY, ALVIN FAIRBURN AND<br>ASSOCIATES, PROFESSIONAL<br>ENGINEERING CONSULTANTS<br>CORPORATION, AND INTERNATIONAL<br>EQUIPMENT DISTRIBUTORS, INC. | CIVIL ACTION<br><br><br><br>NO. 12-00481-SDD-SCR |

## ORDER AND REASONS

Before the Court are three separate *Motions for Entry of Final Judgment* pursuant to Federal Rule 54(b) of the Federal Rules of Civil Procedure filed by Plaintiffs, Corey Delahoussaye and C-Del, Inc.,[1] Defendant, Alvin Fairburn and Associates,[2] and Defendant, Professional Engineering Consultants Corporation.[3] There has been no opposition filed to any of the motions.[4] Oral argument is not necessary.

**I.   BACKGROUND**

Plaintiffs, Corey Delahoussaye and C-Del, Inc., filed this lawsuit on August 8, 2012, against Defendants, Livingston Parish, Parish President Luther Layton Ricks, Jr., individually and in his official capacity, Alvin Fairburn and Associates ("AFA"), Professional Engineering Consultants Corporation ("PEC"), and International Equipment

---

[1] Rec. Doc. 51.
[2] Rec. Doc. 53.
[3] Rec. Doc. 55.
[4] In fact, on November 19, 2013, Plaintiffs filed a letter directed to the Court into the record stating that "Plaintiffs have no objection to the Defendants' pending motions for entry of Rule 54 judgment as Plaintiffs are requesting the same relief." Rec. Doc. 58.

DM No. 744                                                      1

Distributors, Inc. ("IED"). The lawsuit arises out of a contractual agreement to organize and manage certain post-Gustav clean-up efforts in Livingston Parish and allegations of improper billing practices, irregular and unlawful arrangements entered into by contractors in violation of federal and state laws, rules, and regulations. Plaintiffs have alleged state law claims for retaliation, defamation, libel, and slander and they seek treble damages for the alleged unlawful and deceptive practices of the Livingston Parish Defendants under La. R.S. 51:4109. Plaintiffs have further alleged that Defendants conspired together in an effort to deprive Plaintiffs of their constitutional rights guaranteed under the First and Fourteenth Amendments.

On August 30, 2013, this Court entered a ruling pertaining to several dispositive motions. The Court granted in part and denied in part the Livingston Parish Defendants' Rule 12(b)(3) *Motion to Dismiss*, wherein the Court dismissed Plaintiffs' LUPTA claims without prejudice, but retained jurisdiction over the remaining allegations against Livingston Parish Defendants arising under La. R.S. 23:967, La. R.S. 42:1169, the First and Fourteenth Amendments, and conspiracy to deprive Plaintiffs of their constitutional rights. In this same ruling, the Court granted AFA's and PEC's individual Rule 12(b)(6) motions to dismiss finding that Plaintiffs had failed to plead a viable conspiracy claim.[5] Notably, the parties did not request reconsideration of the Court's ruling. The Plaintiffs, Defendant AFA, and Defendant PEC, now seek the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).

---

[5] The Court held a hearing on August 14, 2013, to specifically address whether Plaintiffs had successfully pled a conspiracy between the private and public defendants.

## II.  LAW

In *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, the Fifth Circuit stated:

> Rule 54(b) of the Federal Rules of Civil Procedure provides that "the court may direct entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment." ... One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals. A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel.[6]

The Court's ruling of August 30, 2013, dismissed all of Plaintiffs' claims asserted in this matter against Defendants AFA, PEC, and IED, and is, therefore, an ultimate disposition of all of Plaintiffs' claims as these three defendants. Accordingly, the Court concludes that it is a final judgment as to the claims asserted against AFA, PEC, and IED. The Court's analysis, however, does not end here; the Court must now determine whether there is any just reason for delay.[7]

The determination of whether "there is no just reason for delay" lies "within the sound discretion of the district court."[8] However, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[9] In making its determination, the district court has a duty to weigh "'the inconvenience and costs of piecemeal review on the one hand

---

[6] 81 F. 3d 1412, 1421 (5th Cir. 1996)(citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).
[7] *First American Title Co. v. Titan Title, LLC*, 2012 WL 1065486, *1 (M.D.La. 3/28/02)("Once having found finality, the district court must go on to determine whether there is any just reason for delay.")
[8] *Ichinose v. Travelers Flood Ins.*, 2007 WL 1799673, *2 (E.D.La. 6/21/07).
[9] *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980)(citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956)).

DM No. 744                                  3

and the danger of denying justice by delay on the other.'"[10]  One main factor that the court should consider is whether the appellate court "'would have to decide the same issues more than once even if there were subsequent appeals.'"[11]  "It is uneconomical for an appellate court to review facts on appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties."[12]

The Fifth Circuit has also explained that "[w]hen some of the same facts form the basis for several claims, the existence of separate claims for purposes of Rule 54(b) depends on an analysis of their distinctness."[13]

After weighing the appropriate factors, the Court finds that the certification is inappropriate in this case.  The Court concludes that the conspiracy claims asserted against AED, PEC, and IED are not so distinct from the remaining claims to warrant certification.  The Court further concludes that no injustice or hardship exists that would be alleviated by an immediate appeal and that no injustice would result from a delay in the entry of final judgment.  Further, the litigation between Plaintiffs and Defendant Livingston Parish and Defendant Luther Ricks, Jr. remains unresolved and could result in an appeal.  Consequently, the possibility that an entry of judgment will produce piecemeal review in this case outweighs the danger of denying justice by delay.

---

[10] *Ichinose v. Travelers Flood Ins.*, 2007 WL 1799673, *2 (E.D.La. 6/21/07). (citing *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992)(quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324 (1950)).
[11] *Id.* (citing *H & W Indus., Inc. v. Formosa Plastics Corp.*, USA, 860 F.2d 172, 175 (5th Cir. 1988)(quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980))).
[12] Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §2659 (3rd ed. 1998).
[13] *Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., Inc.*, 292 F.3d 471, 485 (5th Cir. 2002).

DM No. 744                                                    4

## III. CONCLUSION

Accordingly, Plaintiffs' *Motion for Entry of Rule 54 Judgment*,[14] Defendant Alvin Fairburn & Associates, LLC's *Motion for Entry of Final Judgment*,[15] and Professional Engineering Consultants Corporations' *Motion for Entry of Final Judgment*[16] are hereby DENIED.

Baton Rouge, Louisiana, the 4 day of December, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[14] Rec. Doc. 51.
[15] Rec. Doc. 53.
[16] Rec. Doc. 55.